**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| JACOBO EGOROFF,<br><br>                     Petitioner,<br><br>          v.<br><br>A. NEIL CLARK, Field Office Director, U.S. Immigration and Customs Enforcement,<br><br>                     Respondent. | CASE NO.  C10-834-RSM-JPD<br><br>REPORT AND RECOMMENDATION |

## I. INRODUCTION AND SUMMARY CONCLUSION

Jacobo Egoroff ("petitioner"), proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which challenges his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Dkt. 6.) He requests that this Court "Order the Petitioner to be released on supervised release pending all finality or that the court orders the Agency to hold a bond hearing where individual factors are considered that can allow for the release of the Petitioner pending the conclusion of his legal matters with ICE and the District Courts and the Ninth Circuit." *Id*. at 2. Respondent has filed a motion to dismiss, indicating that an Immigration Judge has since reviewed petitioner's custody and granted him release on bond of $30,000. (Dkt. 11.) Respondent contends that petitioner has received all the benefits of due process to which he is entitled and requests that his habeas petition be dismissed as moot.

REPORT AND RECOMMENDATION - 1

For the reasons set forth below, the Court recommends that respondent's motion to dismiss be GRANTED, and that this matter be DISMISSED with prejudice.

## II.  BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Argentina who was admitted to the United States as a Lawful Permanent Resident on November 30, 1971. (Administrative Record ("AR") at 94.) Petitioner has an extensive criminal history. On June 12, 2001, he was convicted in the Marion County Circuit Court for the State of Oregon for the offense of Possession of a Controlled Substance (methamphetamine), and was sentenced to two months imprisonment. (AR L65.) On July 23, 2004, he was convicted in the Marion County Circuit Court of Contempt of Court - Violation of a Restraining Order, and was sentenced to thirty days imprisonment. *Id*. And, on November 29, 2006, petitioner was convicted in the Marion County Circuit Court of Sex Abuse II, Assault IV, and Strangulation, and was sentenced to one year imprisonment for the Strangulation and Assault convictions, and thirty-six months imprisonment for the Sex Abuse conviction.[1] (AR L65, R212-15.)

On May 7, 2009, petitioner was transferred from the Marion County Correctional Facility to ICE custody and served with a Notice to Appear, placing him in removal proceedings and charging him with removability under Section 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA"), for having been convicted of a crime related to a controlled substance. (AR R99-101, L13-14, L64-66, L203.) Petitioner requested and received a bond redetermination hearing before an Immigration Judge ("IJ"), who ordered that he remain detained without bond. (AR L69.)

---

[1] In addition to these offenses, petitioner's record reflects numerous other convictions, including reckless driving, attempting to elude police, menacing, criminal trespass, and failure to appear. (AR L65.)

REPORT AND RECOMMENDATION - 2

On February 5, 2010, the IJ denied petitioner's request for relief from removal and ordered him removed to Argentina based on the charge contained in the Notice to Appear. (AR 374-83.) Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which affirmed the IJ's decision and dismissed the appeal on May 11, 2010. (Dkt. 11, Ex. B.) Petitioner filed a timely petition for review of the BIA's decision in the Ninth Circuit Court of Appeals, along with a request for stay of removal. *Egoroff v. Holder*, No. 10-71641 (9th Cir. filed May 21, 2010). Pursuant to Ninth Circuit General Order 6.4(c)(1)(3), this caused a temporary stay of removal to automatically issue. *See id.* Petitioner's petition for review remains pending in the Ninth Circuit.

On or about June 7, 2010, petitioner filed the instant habeas petition, challenging his continued detention. (Dkt. 6.) On June 28, 2010, however, petitioner received an individualized bond hearing before an IJ who granted petitioner's request for release from custody under bond in the amount of $30,000. (Dkt. 11, Ex. A.) On July 8, 2010, respondent filed a return memorandum and motion to dismiss. (Dkt. 11.) Petitioner did not file a response.

### III.   DISCUSSION

Section 236 of the INA provides the framework for the arrest, detention, and release of aliens in removal proceedings. *See* INA § 236, 8 U.S.C. § 1226. That provision provides the Attorney General with discretionary authority to determine whether an alien should be detained, released on bond, or released on conditional parole pending the completion of removal proceedings, unless the alien falls within one of the categories of criminal aliens described in Section 236(c), for whom detention is mandatory. *See id.* Unlike non-criminal aliens who are detained under INA § 236(a), criminal aliens detained under INA § 236(c) are not entitled to a bond hearing and are not provided the opportunity to show that their detention is unnecessary

REPORT AND RECOMMENDATION - 3

because they are not a flight risk or a danger to the community. *See Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 946 (9th Cir. 2008).

Once removal proceedings have been completed, the detention and release of aliens shifts to INA § 241, 8 U.S.C. § 1231. Section 241(a)(1)(A) of the INA states that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." INA § 241(a)(1)(A). During the removal period, continued detention is required. INA § 241(a)(2).

The determination of when an alien becomes subject to detention under Section 241 rather than Section 236 is governed by Section 241(a)(1)(B), which provides:

The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order</u>.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

INA § 241(a)(1)(B)(emphasis added). Thus, pursuant to INA § 241(a)(1)(B)(ii), where a court issues a stay of removal pending its review of an administrative removal order, the alien continues to be detained under INA § 236 until the court renders its decision. *See Prieto-Romero v. Clark*, 534 F.3d 1053,1059 (9th Cir. 2008); *Casas-Castrillon*, 535 F.3d at 951.

In *Casas-Castrillon*, the Ninth Circuit held that, in order to avoid the serious constitutional questions raised by indefinite mandatory detention, detention after an alien's administrative proceedings are complete ceases to be mandatory under INA § 236(c) and instead becomes discretionary under INA § 236(a). *See Casas-Castrillon*, 535 F.3d at 950-51. The Ninth Circuit concluded that an alien who is in immigration detention pending judicial review of

REPORT AND RECOMMENDATION - 4

an administratively final order of removal is entitled to an individualized bond determination before an Immigration Judge and an opportunity to appeal that determination to the BIA. *See id.*

In the present case, ICE charged petitioner with being removable from the United States for having been convicted of a crime involving controlled substances under INA § 237(a)(2)(B)(i). Thus, petitioner falls squarely within the group of aliens described in INA § 236(c)(1)(B) for whom detention is mandatory *during* administrative removal proceedings. On May 21, 2010, however, petitioner filed a petition for review with the Ninth Circuit which issued a stay pending its review of petitioner's administrative removal order. Because his removal was stayed by the Ninth Circuit pending its review of the BIA decision, the removal period has not yet commenced, and petitioner is now detained pursuant to INA § 236(a). *See Casas-Castrillon*, 535 F.3d at 948 (holding that once proceedings before the BIA are completed, the authority to detain criminal aliens shifts from INA § 236(c) to INA § 236(a)); *see also Prieto-Romero*, 534 F.3d at 1062 ("Because Prieto-Romero filed a petition for review and our court entered a stay, his detention is governed by § 1226(a); only if we enter a final order denying his petition for review will the statutory source of the Attorney General's detention authority shift from § 1226(a) to § 1231(a).").

As respondent asserts, however, the record shows that on June 28, 2010, petitioner was provided an individualized bond hearing before an Immigration Judge where he was given the opportunity to present evidence in support of his release. The IJ ordered that petitioner be released from custody under bond of $30,000. Because petitioner has received the relief sought in his habeas petition – a bond hearing which resulted in his being granted release under bond in the amount of $30,00 – his petition is now moot and should be dismissed. *See Prieto-Romero*, 534 F.3d 1053 (holding that due process is satisfied once an alien has "had an opportunity to

REPORT AND RECOMMENDATION - 5

contest the necessity of his detention before a neutral decisionmaker and an opportunity to appeal that determination to the BIA."); *see also Flores-Torres v. Mukasey*, 548 F.3d 708, 710 (9th Cir. 2008)(dismissing as moot part of habeas petition challenging detention without an individualized bond hearing after IJ held a bond hearing).

IV.   CONCLUSION

For the foregoing reasons, the Court recommends that respondent's motion to dismiss be GRANTED, and that this matter be dismissed with prejudice.  A proposed order accompanies this Report and Recommendation.

DATED this 26th day of August, 2010.

/s/ James P. Donohue

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6